UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


BRIAN WHITAKER, et al.                                                                PLAINTIFFS


v.                                                            CIVIL ACTION NO. 3:11CV-132-S


WASTE MANAGEMENT OF KENTUCKY
HOLDINGS, INC., et al.                                                                DEFENDANTS


**MEMORANDUM OPINION**


This matter is before the court on motion of the plaintiffs, Brian and Mary Ann Whitaker, to remand this action to the Jefferson County, Kentucky, Circuit Court, Division Seven (DN 10).

The Whitakers are citizens of Kentucky. They were employed by defendant Waste Management of Kentucky[1] until their terminations on February 3, 2010. Defendant Wendy Shepherd was also employed by Waste Management in 2010. The Amended Complaint identifies Shepherdsville, Kentucky, as Shepherd's place of residence. Her place of residence appears in the caption. There are no specific allegations of citizenship in the Amended Complaint. The action was removed from the Jefferson Circuit Court on a theory of fraudulent joinder, Waste Management asserting that no cognizable claim has been stated against Shepherd, the non-diverse defendant. It

---

[1] "Waste Management of Kentucky" refers herein to Waste Management of Kentucky, LLC and Waste Management of Kentucky Holdings, Inc., Delaware corporations with their principal places of business in Houston, Texas. Waste Management of Kentucky does business in Jefferson and Hardin counties in Kentucky.

appears from the briefs addressing remand that the parties agree that Shepherd's legitimate presence in the suit would preclude diversity jurisdiction.

The Whitakers contend that they were terminated in connection with Brian Whitaker's reporting of an alleged extra-marital affair between Shepherd and another manager at Waste Management.

The Whitakers have moved for remand of the action to state court on the ground that they have alleged a viable cause of action against Shepherd and thus the court lacks diversity jurisdiction. The Amended Complaint[2] alleges that Shepherd tortiously interfered with the Whitakers' business relationships with Waste Management (Count II) and that she intentionally inflicted emotional distress upon them (Count VII). The Whitakers allege that upon discovering that Brian Whitaker had discussed Shepherd's purported extra-marital affair with upper management, Shepherd confronted Whitaker and stated that she would "have his job." The Whitakers contend that Shepherd then unduly influenced the Whitakers' superiors to discharge them from their employment with Waste Management. They contend that Shepherd acted with malice and in retaliation for the reporting of alleged improper conduct.

In *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), the United States Court of Appeals for the Sixth Circuit instructed that

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander [v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)]. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling...state law in favor of the non removing party." *Id*. All doubts as to the propriety of removal are resolved in favor of remand. *Id.*

---

[2]The Complaint was amended prior to removal of the action.

*See also, Taylor v. Toys "R" Us-Delaware, Inc.,* 2010 WL 231683, *1 (E.D.Ky. Jan. 13, 2010).

The parties agree as a general proposition that an individual may be held liable for tortious interference when he or she wrongfully induces a third party not to perform a contract or enter into or continue a business relationship with another.  Both cite *Carmichael-Lynch-Nolan Advertising Agency, Inc. v. Bennett & Associates, Inc.*, 561 S.W.2d 99 (Ky.App. 1977).

The defendants urge, however, that Shepherd was fraudulently joined because Kentucky courts have not recognized a cause of action for tortious interference with a non-contractual (*ie*., at-will) employment relationship, and therefore the Whitakers have not stated a viable claim against Shepherd.

Neither side has found Kentucky case law factually on point.  The Whitakers urge that Kentucky courts would recognize a cause of action under the particular facts of this case.  They note that the court in *Carmichael-Lynch-Nolan, supra.* stated that "the Restatement of Torts § 766 presents the correct guidelines [concerning liability of a third party for tortious interference].  §766 provides, [e]xcept as stated in Section 698, one who, without a privilege to do so, induces or otherwise causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relationship with another is liable to the other for the harm caused thereby." *Id.* at 102.

Citing *Huff v. Swartz*, 606 N.W.2d 461 (Neb. 2000), albeit a Nebraska case with no binding authority on this court, the Whitakers make the point that tortious interference with an at-will employment relationship has been recognized outside this jurisdiction  under an application of the Restatement (Second) of Torts § 766.

The court's attention is drawn to Comment g to § 766 which states:

> Contracts terminable at will.  A similar situation exists with a contract that, by its terms or otherwise, permits the third person to terminate the agreement at will.  Until he has so terminated it, the contract is valid and subsisting, and the defendant may not improperly interfere with it...One's interest in a contract terminable at will is primarily an interest in future relations between the parties, and he has no legal assurance of them.  For this reason, an interference with this interest is closely analogous to interference with prospective contractual relations.  (See § 766B).

The court in *Huff* cited a number of other cases from Nebraska which found that an at will employment relationship did not, in and of itself, preclude a claim for tortious interference.  The court noted that to be actionable as tortious interference with a business relationship, the interference must necessarily impact on a valid business relationship or expectancy.  The court also quoted the rationale for the line of cases approving such claims:

> The court reasoned that the fact that at-will employment may be terminated by the parties without liability does not necessarily privilege another individual, business, or entity, in other words, a "third person," to unjustifiably induce the termination.

*Huff*, 606 N.W.2d at 467, *quoting, Hoschler v. Kozlik*, 529 N.W.2d 822 (Neb.App. 1995).

> [I]n order to constitute interference with an employment relationship under Wisconsin law, it was necessary to show that the employee was serving a master other than the employer or was pursuing "some benefit to himself, at odds with the interests" of the employer.  We agree with these authorities and hold that in order to constitute actionable interference with an employment relationship, actions of a coemployee must be shown to have been committed in furtherance of some purpose other than the lawful purpose of the employer.  If such interference is established, it must also be proved to be "unjustified" in order to be actionable.

*Huff*, 606 N.W.2d at 468, *quoting, Koster v. P & P Enters.*, 539 N.W.2d 274 (Neb. 1995); *Matheson v. Stork*, 477 N.W.2d 156 (Neb. 1991).

Kentucky courts have approved and cited § 766 and § 766B of the Restatement (Second) of Torts.  *See, Leary v. Daeschner*, 186 F.Supp.2d 774, 776 (W.D.Ky. 2001), *quoting McCarthy v. KFC Corporation*, 607 F.Supp. 343, 345 (W.D.Ky. 1985)(*quoting* Restatement of Torts (Second)); *National Collegiate Athletic Assoc. v. Hornung*, 754 S.W.2d 855, 857 (Ky. 1988).

The court is cautioned that in evaluating a motion for remand, "if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling...state law in favor of the non removing party...All doubts as to the propriety of removal are resolved in favor of remand." *Coyne,* 183 F.3d at 493. Under the facts of this case, a Kentucky court may recognize a cause of action for tortious interference with the Shepherd's terminable-at-will employment relationships with Waste Management. We must take the allegations as true. In a nutshell, the Whitakers allege that Shepherd, angry over the reporting of the alleged misconduct, confronted Brian Whitaker and threatened to "have his job," and shortly thereafter improperly influenced his superiors to terminate his and his wife's employment with the company. They were in fact terminated, and allegedly suffered injury as a result.

The defendants urge the court to find the claim deficient because the plaintiffs have not pled specific facts to support their statement that Shepherd "took direct actions to destroy the business relationships between Defendant Waste Management and the Plaintiffs." Am.Compl., ¶ 37. We are not to evaluate the merit of the claim, and we need not check our common sense at the door in ascertaining whether a colorable claim has been stated. The Amended Complaint alleges that Shepherd threatened to destroy Whitaker's employment relationship with Waste Management, and shortly thereafter he was fired. Additionally, his wife was fired the same day, and was accused, allegedly wrongfully, of stealing from the company. These allegations are sufficient for this court to find a colorable claim asserted against Shepherd. At the very least, the allegations require that we resolve all doubts in favor of remand. We conclude that there was no fraudulent joinder of

Shepherd as a colorable claim was asserted against her, and thus we do not have diversity jurisdiction.

A separate order will be entered remanding the case in accordance with this opinion.

**IT IS SO ORDERED.**

March 14, 2012

Charles R. Simpson III, Judge
United States District Court